UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN M. OVERTON-BROOKINS,

    Plaintiff,

vs.

TRANSPORTATION SECURITY ADMINISTRATION; and TSA FOIA BRANCH,

    Defendants.

Case No.
6:25-cv-692-CEM-RMN

## REPORT AND RECOMMENDATION

Shawn M. Overton-Brookins, proceeding *pro se*, has filed a civil Complaint against the Transportation Security Administration ("TSA") and the TSA FOIA Branch (Dkt. 1), and a Motion to Proceed *in forma pauperis* ("IFP Motion," Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint with leave to file an amended complaint.

### I. LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed in forma pauperis. First, the Court must evaluate a plaintiff's financial status and determine

whether he or she is eligible to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). If the

complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  DISCUSSION

I consider first whether Plaintiff qualifies as a pauper and then the adequacy of the Complaint.

### A.  Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfying the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicant's assets, income, and liabilities. *See, e.g., id.* at 1307–08 ("the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement"). After a careful review of the IFP Motion, I find that Plaintiff qualifies as a pauper. *See* Dkt. 2.

### B.  Adequacy of the Complaint

Apart from a successful showing of indigency, Plaintiff must also file a complaint that states a non-frivolous claim of relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H&S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In the Complaint, Plaintiff alleges that on July 5, 2023, Plaintiff was traveling with four children—one of whom suffers from fruit allergies. Dkt. 1 at 4. When Plaintiff was at the TSA checkpoint, unnamed TSA agents discarded the children's juice boxes and ran medically necessary infant formula through the security x-ray machine. *Id.* Though Plaintiff told the TSA agents that the juice boxes were needed for the child with allergies, the beverages were thrown away. *Id.* Plaintiff also asked that the formula not go through the scanner, but alleges the agents scanned it twice. *Id.*

Sometime after this incident, Plaintiff submitted a Freedom of Information Act ("FOIA") request for the video footage from the security checkpoint but has received no response as of filing. Dkt. 1 at 4. In the section titled "Basis for Jurisdiction," Plaintiff selected the box indicating Plaintiff is intending to bring a *Bivens* claim against federal officials for violations of certain constitutional rights. *Id.* at 3.

Construing the Complaint liberally, it appears that Plaintiff is arguing that records were withheld in violation of FOIA and that under *Bivens*, the incident with TSA violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution along with the Rehabilitation Act. Dkt. 1 at 4, 7.

Starting with Plaintiff's FOIA request, "FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available to any individual" subject to certain statutory exemptions. *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 534 (11th Cir.

2010) (citing 5 U.S.C. § 552a(d)(1)). An agency's obligations to disclose such records, however, "are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." *Lodge v. Berry*, No. 1:10-cv-686, 2010 WL 11493762, at *3 (N.D. Ga. Sept. 28, 2010) (quoting *Strunk v. United States*, 693 F. Supp. 2d 112, 114 (D.D.C. 2010)). Thus, while "a plaintiff may bring in federal court a private cause of action under FOIA to enjoin a federal agency that has improperly withheld records," *Thompson*, 398 F. App'x at 534, the viability of such a suit depends on the plaintiff "showing that an agency has (1) improperly (2) withheld (3) agency records," *Apel v. C.I.A.*, No. 3:06-cv-136, 2006 WL 1446874, at *2 (N.D. Fla. May 23, 2006) (citing *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980)) (internal quotation marks omitted).

FOIA also "requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Thompson*, 398 F. App'x at 534 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority as well as [to] create a descriptive factual record for the district court to review if necessary." *Taylor*, 30 F.3d at 1367–68.

With regard to the FOIA claim, Plaintiff fails to make the required threshold showings. While Plaintiff does allege that a request was made, there is no information on whether a denial was received

and if so, whether all administrative remedies were exhausted before filing this action. Thus, the Complaint does not state a viable FOIA claim. *See Thompson*, 398 F. App'x at 534–35 (advising that Fed. R. Civ. P. 12(b)(6) provides proper grounds for dismissing FOIA claim that is unripe for failure to exhaust); *Cummings v. Bush*, No. 6:07-cv-748, 2007 WL 2002455, at *4 (M.D. Fla. July 5, 2007) (finding complaint devoid of facts alleging that FOIA request had been made to agency failed to state a claim because such a complaint is not the proper vehicle for making a FOIA request).[1]

As to the *Bivens* claim, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), federal officials acting under color of federal law may be sued for violating an individual's constitutional rights. *Id.* at 397. "Because claims under 42 U.S.C. § 1983 and *Bivens* are similar, courts generally apply § 1983 law to *Bivens* cases . . . [t]hus, under *Bivens*, 'a plaintiff must show that he or she was deprived of a federal right by a person acting under color of [federal] law.'" *O'Brien*

---

[1] I note that even if Plaintiff had made the required showings, venue is likely improper in the Middle District of Florida. The FOIA statute provides that venue is proper in any district where either: (1) the plaintiff resides; (2) the plaintiff has its principal place of business; (3) the relevant records are located; or (4) in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Based on the allegations in the Complaint, it appears that Plaintiff resides in New Jersey. *See* Dkt. 1 at 2. There is also no indication that TSA stores the requested records in this District. And in fact, because TSA advises FOIA requesters that it "is not the primary custodian of" video recordings from airports, TSA may not have any responsive records in this district, if at all. *See* TSA, *FOIA* FAQ, https://www.tsa.gov/foia/faq.

*v. United States*, 137 F. App'x 295, 299 (11th Cir. 2005) (per curiam) (quoting *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)) (alterations in original). "The United States government[, however] may not be sued without its consent, and this immunity extends to federal government agencies." *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (per curiam) (citation omitted). The existence of the government's consent is a prerequisite for jurisdiction and, although "federal officials may be sued in their individual capacities for violations of an individual's constitutional rights," a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity. *Id.* (citation omitted).

Plaintiff brings this action against a federal agency and its component. Dkt. 1. There are no named federal officials who can be sued in their individual capacities. Thus, Plaintiff has failed to bring a viable *Bivens* action, and so I recommend the Complaint be dismissed without prejudice. But as Plaintiff is proceeding *pro se*, I further recommend the Court allow Plaintiff another opportunity to plead. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc).

### III.   RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.   **DENY** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 2);

2. **DISMISS without prejudice** the Complaint (Dkt. 1); and

3. **GRANT** Plaintiff leave to file an Amended Complaint that addresses the issues outlined in this Report and Recommendation and a renewed Application to Proceed in District Court without Prepaying Fees or Costs.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 29, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Shawn M. Overton-Brookins
114 Smith Street
Newark, New Jersey 07106